NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MOHANDAS SHAJI; LEKHA SHAJI, | No. 23-4431 |
| Plaintiffs - Appellants, | |
| v. | D.C. No. 2:21-cv-03349-JAK-PD |
| WELLS FARGO BANK, N.A., formerly known as Wachovia Mortgage, FSB formerly known as World Savings Bank, FSB; DOES, 1 through 10, Inclusive, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted May 26, 2026[**]

Before:    S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Mohandas Shaji and Lekha Shaji appeal pro se the district court's judgment

dismissing their action arising from the foreclosure of their property.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler,* 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed the Shajis' claims for wrongful foreclosure because the Shajis failed to allege facts sufficient to show that Wells Fargo "caused an illegal, fraudulent, or willfully oppressive sale" of their property. *Miles v. Deutsche Bank Nat'l Trust Co.*, 186 Cal. Rptr. 3d 625, 636 (Ct. App. 2015) (citation and internal quotation marks omitted) (setting forth elements of a claim for wrongful foreclosure under California law).

The district court properly dismissed the Shajis' claim for negligence because the Shajis failed to allege facts sufficient to show that Wells Fargo owed them a duty of care. *See Artiglio v. Corning Inc.*, 957 P.2d 1313, 1318 (Cal. 1998) (setting forth elements of a claim for negligence under California law); *see also Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 650 (Cal. 2022) (holding that there is no "duty on lenders to exercise due care in processing, reviewing and responding to loan modification applications").

The district court properly dismissed the Shajis' claim for breach of contract because the Shajis failed to allege facts sufficient to show that Wells Fargo breached any agreement. *See Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115,

1121 (Cal. 2011) (setting forth elements of a claim for breach of contract under California law).

The district court properly dismissed the Shajis' claim for breach of the implied covenant of good faith and fair dealing because the Shajis failed to allege facts sufficient to show that Wells Fargo withheld any benefits due to them under their mortgage contract. *See Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001) (setting forth elements of a claim for breach of implied covenant of good faith and fair dealing claim under California law).

The district court properly dismissed the Shajis' claim for unjust enrichment because the Shajis failed to allege facts sufficient to show that Wells Fargo "received and unjustly retained a benefit at [their] expense." *ESG Cap. Partners, LP v. Stratos*, 828 F.3d 1023, 1038 (9th Cir. 2016) (setting forth requirements to state a claim for unjust enrichment under California law).

The district court properly dismissed the Shajis' claim under California Business and Professions Code § 17200 because the Shajis failed to allege facts sufficient to show that Wells Fargo's actions were unlawful, unfair, or fraudulent. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000) (explaining that § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice" (citation and internal quotation marks omitted)).

The district court properly dismissed the Shajis' claim for intentional

inflion of emotional distress because the Shajis failed to allege facts sufficient to show that Wells Fargo's conduct was extreme or outrageous. *See Hughes v. Pair*, 209 P.3d 963, 976 (Cal. 2009) (setting forth elements of a claim for intentional infliction of emotional distress under California law).

The district court properly dismissed the Shajis' claim for negligent infliction of emotional distress because the Shajis failed to allege facts sufficient to show that Wells Fargo owed them a duty of care or that the damage that occurred during their eviction was foreseeable. *See Ess v. Eskaton Properties, Inc.*, 118 Cal. Rptr. 2d 240, 244 (Ct. App. 2002) (explaining that under California law, claims for negligent infliction of emotional distress follow the traditional elements of negligence).

The district court properly dismissed the Shajis' claim for negligence per se because the Shajis failed to allege facts sufficient to show that Wells Fargo violated a statute, ordinance, or regulation. *See Galvez v. Frields,* 107 Cal. Rptr. 2d 50, 58 (Ct. App. 2001) (setting forth elements of a claim for negligence per se under California law).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

23-4431